# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:22-cr-232-2 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jennifer Dowdell Armstrong |
| JAVON L. DAWSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

On March 28, 2023, the Court entered judgment against Defendant Javon Dawson which, among other things, imposed a fine in the amount of $5,000 and a $200 special assessment. (ECF No. 56.) On May 29, 2025, Defendant filed a *pro se* motion for reconsideration of the fine, citing his good behavior and compliance since his conviction, as well as the burden that the fine imposed. (ECF No. 74.) The Court appointed counsel for Mr. Dawson, who filed a supplement to Defendant's motion on June 30, 2025. (ECF No. 75.) Although not eligible for a reduction of his fine under 18 U.S.C. § 3572(c) at this time, pursuant to 18 U.S.C. § 3572(d)(3) Defendant requests that the Court adjust his payment schedule to $50 per month in lieu of 10 percent of his income. (*Id.*, PageID #482.)

Under 18 U.S.C. § 3572(d)(3), "[a] judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine." Further, "[u]pon receipt of such notice the

court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3572(d)(3). "The Court has the discretion to adjust [the defendant's] payment schedule because of a material change in economic circumstances 'as the interests of justice require.'" *United States v. Taniguchi*, No. 2:00-cr-050, 2008 WL 222513, at *1 (S.D. Ohio Jan. 25, 2008); *see also United States v. Phillips*, 9 F.4th 382, 384 (6th Cir. 2021) (acknowledging that Section 3572(d)(3) "allow[s] the court to adjust a payment schedule"). Such a material change must include economic circumstances that differ from Defendant's financial situation as it was reported in his presentence investigation report. *See United States v. Austin*, No. 21-2796, 2022 WL 3134462, at *2 (6th Cir. Apr. 28, 2022).

In the presentence report, Mr. Dawson's financial circumstances indicated that he was able to pay a fine but not one in the guideline range. (ECF No. 48, PageID #221.) Now, Mr. Dawson is working full time, but "his income is variable due to bonuses, commission, and overtime." (ECF No. 75, PageID #485.) Still, he has managed to pay off his $200 special assessment and paid at least $170 toward his fine. (*Id.*, PageID #483.) Mr. Dawson has paid $50 per month toward his fine, but his now required to pay 10 percent of his income. (*Id.*) Defendant requests that the Court adjust his payment schedule back to $50 per month "due to his current financial situation in the interest of justice." (*Id.*)

In the interest of justice, the Court determines that Defendant has demonstrated a material change in his economic circumstances. *Taniguchi*, 2008 WL

2

222513, at *1. Therefore, pursuant to 18 U.S.C. § 3572(d)(3), the Court **GRANTS** Defendant's motion for reconsideration (ECF No. 74), and modifies his payment schedule. Specifically, the Court **ORDERS** Defendant to comply with his original payment schedule to pay $50 per month toward his fine.

    **SO ORDERED.**

Dated: July 1, 2025

_____
    J. Philip Calabrese
    United States District Judge
    Northern District of Ohio